BR

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

RECEIVED

| | |
|---|---|
| United States of America ex rel. | ) |
| Kendale McCoy | ) |
| (Full name and prison number) | ) |
| (Include name under which convicted) | ) |
| | ) |
| PETITIONER | ) |
| | ) |
| vs. | ) |
| Terry L McCann | ) |
| (Warden, Superintendent, or authorized | ) |
| person having custody of petitioner) | ) |
| | ) |
| RESPONDENT, and | ) |
| | ) |
| (Fill in the following blank **only** if judgment | ) |
| attacked imposes a sentence to commence | ) |
| in the future) | ) |
| | ) |
| ATTORNEY GENERAL OF THE STATE OF | ) |
| | ) |
| | ) |
| (State where judgment entered) | ) |

MAR 11 2008
Mar 11, 2008
MICHAEL W.
CLERK, U.S. DISTRICT COURT

CASE NO: _____
(Supplied by Clerk of this Court)

## 08CV1453
## JUDGE ANDERSEN
## MAG. JUDGE NOLAN

Case Number of State Court Conviction:

00 cr 8715

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY.

1. Name and location of court where conviction entered: Cook County Court

   2600 S California Ave, Chicago Ill. 60608

2. Date of judgment of conviction: December 10, 2001

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   First degree murder, 2 counts Armed Robbery

4. Sentence(s) imposed: 40 years

5. What was your plea? (Check one)
   - (A) Not guilty    (* )
   - (B) Guilty    (  )
   - (C) Nolo contendere    (  )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   NA

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( * )      Judge only (  )

2. Did you testify at trial?  YES (  )     NO    ( * )

3. Did you appeal from the conviction or the sentence imposed? YES ( * )  NO (  )

    (A)  If you appealed, give the

        (1) Name of court:  Appellate Court

        (2) Result:  Denied

        (3) Date of ruling:  April 16, 2003

        (4) Issues raised:  Trial court abused its discretion when it sentenced

        the defendant to 40 years in prison

    (B)  If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( * )    NO (  )

    (A)  If yes, give the

        (1) Result  Denied

        (2) Date of ruling:  January 28, 2004

        (3) Issues raised: #1. Appellate court erred in its decision in affirming

        the circuit Court finding by holding the trial court determination

        was entitled to great deference & will not be altered absent

    (B)  If no, why not: an abuse of discretion

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No ( * )

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

    Where in the instant case that abuse is evident by such a harsh sentence where there was no physical  proof defendant had shot anyone.

    #2. The Appellate Court also erred in holding defendant's rehabilitative potential was to be given less weight, than the seriousness of the offense.

2

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (*)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court:   _COOK County Circuit Court_

B.   Date of filing:   _July 27, 2004, July 28, 2004_

C.   Issues raised:   _ON SEPERATE PAGE   (A)_

D.   Did you receive an evidentiary hearing on your petition?     YES ( )   NO (*)

E.   What was the court's ruling?   _Denied_

F.   Date of court's ruling:   _September 27, 2004_

G.   Did you appeal from the ruling on your petition?     YES (*)   NO ( )

H.   (a) If yes,     (1) what was the result?     _Denied_

         (2) date of decision:   _____

     (b) If no, explain briefly why not: _____

I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

     YES (*)   NO ( )

     (a) If yes,     (1) what was the result?     _Denied_

         (2) date of decision:   _January 24, 2007_

     (b) If no, explain briefly why not: _____

3

PART II: COLLATERAL PROCEEDINGS

**THAT** THE PETITIONER CONTENDS THAT HE WAS DENIED HIS RIGHT TO
A FAIR TRIAL GURANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF
THE UNITED STATES CONSTITUTION: AND THAT SUCH DENIAL IS NOT REFLECTED
ON THE RECORD OF THE APPEAL OF HIS CONVICTION.

(a)  THAT HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL. HIS GURANTEED TO COUNSEL WHILE IN
CUSTODY AT THE POLICE STATION:

(b)  THAT PETITIONER'S SIXTH AMENDMENT RIGHT TO THE EFFECTIVE
ASSISTANCE OF COUNSEL BEFORE AND DURING TRIAL WERE DENIED BY TRIAL
COUNSELS DEFICIENCY: IN THAT, COUNSEL DID NOT PROPERLY INVESTIGATE
THIS CASE BEFORE TRIAL AND WAS THEREFORE NOT PREPARED FOR THE CONDUCT
OF A TRIAL FAILING TO MEET HIS SIXTH AMENDMENT OBLIGATION TO PETITIONER
AS PRESCRIBED BY THE UNITED STATES CONSTITUTION:

(c)  PETITIONER'S CONTENTION THAT HE WAS DENIED A FAIR TRIAL
DUE TO PROSECUTORIAL MISCONDUCT BEFORE AND DURING TRIAL:

(d)  PETITIONER CONTENDS THAT HE WAS DENIED HIS CONSTITUTIONAL
RIGHT TO A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S KEY WITNESS
THEON JONES PERJURED TESTIMONY BEFORE THE GRAND JURY AND DURING TRIAL

(e)  THAT PETITIONER'S VIDEO TAPED CONFESSION WAS COERCED AND
SHOULD HAVE BEEN SUPPRESSED;

(f) THAT PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO TESTIFY
DURING TRIAL THROUGH THE INEFFECTIVENESS OF TRIAL COUNSEL;

THAT BECAUSE OF THE AFOREMENTIONED SUBSTANTIAL DENIAL OF
PETITIONER'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL, THE JUDGEMENTAND
SENTENCE OF CONVICTION SHOULD BE VACATED AND SET ASIDE AND A NEW
TRIAL SHOULD BE ORDERED.

A

2.  With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )        NO ( * )

    A.  If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.  Nature of proceeding     _____

        2.  Date petition filed     _____

        3.  Ruling on the petition     _____

        3.  Date of ruling     _____

        4.  If you appealed, what was
           the ruling on appeal?     _____

        5.  Date of ruling on appeal _____

        6.  If there was a further appeal,
           what was the ruling ?     _____

        7.  Date of ruling on appeal _____

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court?
           YES ( )   NO ( * )

    A.  If yes, give name of court, case title and case number: _____

_____

    B.  Did the court rule on your petition? If so, state

        (1)  Ruling: _____

        (2)  Date: _____

4.  WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES ( )   NO ( * )

If yes, explain: _____

_____

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one THE APPELLATE COURT ERRED IN ITS DECISION WHEN IT GRANTED
Supporting facts (tell your story briefly without citing cases or law):

THE STATE APPELLATE DEFENDER'S MOTION REQUESTING LEAVE TO WITHDRAW

AS COUNSEL, WHEN IT WAS OBJECTIVELY UNREASONABLE FOR APPELLATE COUNSEL

NOT TO PRESENT ON APPEAL THE SUFFICIENCY OF POST TRIAL CLAIMS, WHEN

THE CIRCUIT COURT ERRED, WHEN IT SUMMARILY DISMISSED DEFENDANT'S

PETITION WITHOUT APPOINTING COUNSEL TO INVESTIGATE THE CONTENTIONS

OF DEFENDANT'S POST CONVICTION CLAIMS, RESEARCH THE LAW OR AMENDIING

THE PETITION TO CRAFT A MORE PROPER PLEADING FOR THE COURTS REVIEW.

CONTINUED PG. B

(B) Ground two _____
Supporting facts:

_____

_____

_____

_____

_____

_____

_____

5

AS A "GIST" OF MERITORIOUS CLAIM WAS PRESENTED BY THE DEFENDANT
IN HIS PETITION FOR POST CONVICTION RELIEF, WHICH IS ALL THAT IS
REQUIRED AT THE FIRST STAGE OF THE POST CONVICTION ACT.

THERE ARE COMPELLING REASONS TO GRANT REVIEW WHERE DEFENDANT

TOOK AN APPEAL FROM SUMMARY DISMISSAL OF HIS PETITION FOR POST

CONVICTION RELIEF, AND DEFENDANT'S APPELLATE COUNSEL FILED A MOTION

TO WITHDRAW AS COUNSEL PURSUANT TO **Pennsylvania v Finley, 481 U.S.**

**551, 95 L ed 2d 539, 107 S. ct 1990 (1987)**

INFORMING THE APPELLATE COURT THAT AFTER REVIEWING THE RECORD AND

FACTS IN THIS CASE AND APPLICABLE LAW, COUNSEL FOUND NO ISSUES IN

THIS CASE WHICH WOULD HAVE MERITED RELIEF IN THE APPELLATE COURT,

THE APPELLATE COURT APPLIED AN UNREASONABLE APPLICATION OF THIS COURTS

HOLDING IN **People v Gaultney, 174 ILL. 2d 410 (1996); People V coleman**

**183 Ill 2d 366 (1998); People V Edwards , 197 ILL. 2d 239 (2001);**

WHEN IT HELD THAT IT FOUND NO ISSUES OF ARGUABLE MERIT TO BE ASSERTED ON

APPEAL.


IT WAS OBJECTIVELY UNREASONABLE FOR THE APPELLATE COUNSEL NOT

TO PRESENT ON APPEAL THE SUFFICIENCY OF THE POST CONVICTION CLAIMS

OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR A VARIETY OF SEPERATE ALLEGATIONS

PROSECUTORIAL MISCONDUCT AND INEFFECTIVE ASSISTANCE OF APPELLATE

COUNSEL, AND THAT THE CIRCUIT COURT ERRED WHEN IT SUMMARILY DISMISSED

DEFENDANT'S PETITION WITHOUT APPOINTING COUNSEL.


THE RELEVANT QUESTION IS WHETHER THE PETITION IS FRIVOLOUS OR

PATENTLY WITHOUT MERIT,   725 ILCS 5/ 122-2.1 (A) (2)'

**People v edwards, 197 Ill. 2d 239 (2001);** WHETHER THE PETITION  AND

ANY ACCOMPANYING DOCUMENTS MAKE A SUBSTANTIAL SHOWING OF A CONSTITUTIONAL

VIOLATION IS SECOND STAGE INQUIORY(**Edwards, 197 ILL. 2d at 245-46 (2001)**

A PRO SE POST CONVICTION MAY NOT BE DISMISSED WITHOUT APPOINTMENT OF COUNSEL UNLESS IT IS FRIVOLOUS OR PATENTLY WITHOUT MERIT .(**725 ILCS 5/122-2.1 (A).** IF NO SUCH FINDING MAY BE PROPERLY MADE, THE TRIALCOURT MUST PROVIDE AN INDIGENT PETITIONER WITH APPOINTED COUNSEL (**725 ILCS 5/122-4)** TO BE SUFFICIENT TO REQUIRE APPOINTMENT OF COUNSEL A POST CONVICTION NEED NOT CONTAIN LEGAL ARGUMENTS NOR CITATIONS TO LEGAL AUTHORITY. **People v Porter, 122 ILL. 2d 64 ( 1988).**

IN ORDER TO SURVIVE DISMISSAL AT THE PRO SE PETITION AT THE FIRST STAGE, NEED ONLY CONTAIN A STATEMENT WHICH PRESENTS A "GIST" OF A MERITORIOUS CLAIM. **People v Gaultney, 174 ILL. 2d 410 (1996); People V Coleman, 183 ILL. 2d 366 (1998);** THE PETITION ONLY NEED PRESENT A LIMITED AMOUNT OF DETAIL IN THE PETITION, BECAUSE OF A LOW THRESHHOLD FOR EVALUATING THE PETITION, **People v Gaultney, 174 ILL. 2d 410 (1996):**AND SHOULD BE CONSTRUED LIBERALLY IN FAVOR OF PETITIONER WHERE INARTFULLY DRAFTED. **People v Coleman, 183, ILL. 2d 366 (1998)** SUBSTANTIVE QUESTIONS RELATING TO THE ISSUES RAISED IN THE PETITION ARE NOT TO BE ADRESSED AT THE FIRST STAGE OF THE POST CONVICTION PROCEEDINGS, **People v Topps, 309 iLL. App. 3d 813 (1999).**

THEREFORE, THE TRUST OF THE INSTANT CHALLENGE IS WHETHER THE RECORD REFLECTS SUFFICIENT FACTS TO SUPPORT THE ALLEGATIONS SO ASTO APPOINT COUNSEL WHO WOULD REPRESENT & INVESTIGATE THE CONTENTIONS,

B-2

RESEARCH THE LAW, OR AMEND THE PETITION AND CRAFT A MORE PROPER

PLEADING FOR THE COURTS REVIEW.  **Edwards, 197 ILL. 2d at 270 (2001)**


APPELLATE COUNSEL'S FAILURE TO PRESENT THIS ISSUE ON APPEAL

SUCH DECISION PREJUDICED DEFENDANT, **People v Enis, 194 ILL. 2d at**

**377 (2000).** THE TWO PRONG TEST APPLIES TO CLAIMS OF INEFFECTIVENESS

OF APPELLATE COUNSEL AS WELL.  **People v Gaballero, 126 ILL. 248,**

**269-70 (1989).**


## CONCLUSION

WHEREFORE, PETITIONER RESPECTFULLY REQUEST THAT THIS HONORABLE

COURT GRANT HIS PETITION.


RESPECTFULLY SUBMITTED


KENDALE  McCOY K 59039

STATEVILLE CORR. CTR.P.O BOX 112

JOLIET ILL. 60434


PRO SE PETITIONER_DEFENDANT


B-3

(C)    Ground three _____
       Supporting facts:

_____

_____

_____

_____

_____

_____

(D)    Ground four _____
       Supporting facts:

_____

_____

_____

_____

_____

_____

2    Have all grounds raised in this petition been presented to the highest court having jurisdiction?
     YES (X)    NO (  )

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

_____

6

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)  At preliminary hearing  FRANK MADEA -- PUBLIC DEFENDERS OFFICE

(B)  At arraignment and plea  2650 S. CALIFORNIA CHICAGO IL. 60608

(C)  At trial  (SAME AS ABOVE)

(D)  At sentencing  (SAME AS ABOVE)

(E)  On appeal  MARK FLOYD PASTERSKI -- 69 W. WASHINGTON 15TH FL. Chgo. Il. 60602

(F)  In any post-conviction proceeding  PRO-SE

(G)  Other (state):  KERRY GOETTSCH -- ASSISTANT APPELLATE DEFENDER
                      203 NORTH LASALLE ST. 24TH FL. CHgo. Il. 60601

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (X)

Name and location of the court which imposed the sentence:  N/A

Date and length of sentence to be served in the future  N/A

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on:  1-22-08
             (Date)                                    Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

(Signature of petitioner)

K-59039
(I.D. Number)

P.O. Box 112 Joliet, Il. 60434
(Address)

REVISED 01/01/2001

7