IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>KENDALE MCCOY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1453 |
| TERRY MCCANN, Warden, | ) ) | The Honorable<br>Wayne R. Andersen, |
| Respondent. | ) | Judge Presiding. |

**MOTION TO DISMISS AS TIME-BARRED PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS**

In compliance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d), and this Court's May 9, 2008 order, respondent Terry McCann moves to dismiss petitioner's petition for writ of habeas corpus as time-barred, and states as follows:

1. Petitioner Kendale McCoy is identified as prisoner K59039, and is in the custody of Terry McCann, Warden of the Stateville Correctional Center in Joliet, Illinois.

2. On December 10, 2001, petitioner was found guilty by a jury in the Circuit Court of Cook County, Illinois of one count of first degree murder and two counts of armed robbery. *See* Pet. at 1; Exh. A (Rule 23 Order, *People v. McCoy*, 1-02-0033 (Ill. App. 2003)).

3.   Petitioner appealed and, on April 16, 2003, the state appellate court affirmed. *See* Pet. at 2, ¶3(A)(3); Exh. A. Petitioner filed a Petition for Leave to Appeal (PLA) that the state supreme court denied on January 28, 2004. *See* Pet. at 2, ¶4(A)(2); Exh. B (Order, *People v. McCoy*, No. 97412 (Ill. 2004)). Respondent has confirmed that petitioner did not file a petition for writ of certiorari to the United States Supreme Court. *See* Pet. at 2, ¶5.

4.   On July 27, 2004,[1] petitioner filed a postconviction petition in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1, *et seq*. *See* Pet. at 3, ¶1(B); Exh. C (Rule 23 Order, *People v. McCoy*, 1-04-3320 (Ill. App. 2006)). The state circuit court dismissed the petition. *See* Pet. at 3, ¶1(F).

5.   Petitioner appealed and, on September 27, 2004, the state appellate court affirmed. *See* Pet. at 3, ¶1(F); Exh. C. Petitioner filed a PLA that the state supreme court denied on January 24, 2007. *See* Pet. at 3, ¶1(I)(a)(1)-(2); Exh. D (Order, *People v. McCoy*, No. 103688 (Ill. 2007)). Respondent has confirmed that petitioner did not file a petition for writ of certiorari from his collateral appeal.

6.   On March 11, 2008,[2] petitioner filed the instant petition for habeas

---

[1] Petitioner claims to have filed a state postconviction petition on July 27 and 28, 2004. Respondent will give the petitioner the benefit of the doubt and presume he filed his petition on the earlier date. Neither date affects the timeliness of the instant habeas petition.

[2] Petitioner signed the habeas petition on January 22, 2008, and that date is the earliest date on which he could have filed it. *See Jones v. Bertrand*, 171 F.3d 499, 503 (7th Cir. 1999) (correct filing date for a habeas petition is when petitioner hands petition to prison officials for mailing). Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to

corpus relief under 28 U.S.C. § 2254, raising one issue: the state appellate court erred in granting the State Appellate Defender's motion to withdraw as counsel on postconviction appeal.  *See* Pet. at 5.

7. Respondent is filing under separate cover the following state court materials as exhibits to this motion to dismiss:

Exhibit A: Rule 23 Order, *People v. McCoy*, 1-02-0033 (Ill. App. 2003);

Exhibit B: Order, *People v. McCoy*, No. 97412 (Ill. 2004);

Exhibit C: Rule 23 Order, *People v. McCoy*, 1-04-3320 (Ill. App. 2006); and

Exhibit D: Order, *People v. McCoy*, No. 103688 (Ill. 2007).

8. The instant petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions.  *Allen v. Siebert*, 552 U.S. __, 128 S.Ct. 2, 3 (2007).  Section 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

pro se habeas filings. Petitioner does not indicate when, if at all, he deposited his habeas petition in Stateville Correctional Center's internal mailing system. However, giving the petitioner the greatest benefit of the doubt, respondent presumes that the petition was submitted to prison officials on January 22, 2008, the day that petitioner signed it.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

9. Petitioner's direct appeal concluded on April 27, 2004, ninety days after his PLA was denied by the state supreme court. *See Jones v. Hulick*, 449 F.3d 784, 787-788 (7th Cir. 2006); § 2244(d)(1)(A). The one-year limitations period began running the next day. Petitioner filed his postconviction petition on July 27, 2004, and that filing tolled the limitations period under 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitations in this subsection;") *see also Artuz v. Bennett*, 531 U.S. 4, 5 (2000); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2004). Thus, between

April 27, 2004 until July 27, 2004, 90 days lapsed from the one-year limitations period.

10.    The limitations period remained tolled under 28 U.S.C. § 2244(d)(2) until January 24, 2007, when the state supreme court denied petitioner's postconviction PLA.  *See* Pet. at 3, ¶1(I)(a)(1)-(2); Exh. D.  Petitioner did not seek certiorari review.  *See Gildon v. Bowen*, 384 F.3d 883, 885-886 (7th Cir. 2004) (one-year limitations period not tolled during time State postconviction petitioner could have filed, but did not file, petition for writ of certiorari); *Lawrence v. Florida*, 549 U.S. __, 127 S.Ct. 1079, 1085 (2007) (even filing of a petition for certiorari in Supreme Court from state postconviction action does not toll the statute of limitations under § 2244(d)(2)).

11.    Therefore, the limitations period began running again on January 25, 2007, and petitioner had 275 days or until October 29, 2007 — the original 365 days less the 90 days that had already run —  to seek federal habeas relief.[3]  Petitioner took no action for another 362 days, or until January 22, 2008, the earliest date on which the instant habeas petition could be considered "filed" in this Court.  Adding those 362 days that lapsed following the conclusion of postconviction review to the 90 days that lapsed following the end of direct appeal, petitioner filed his habeas petition 452 days after his conviction became "final" under § 2244(d)(1)(A).  In other words, petitioner's habeas petition was filed 85 days beyond the one-year limitation

---

[3] Because October 27, 2007 fell on a Saturday, petitioner had until October 29, 2007 to file his habeas petition.  *See* Federal Rule of Civil Procedure 6(a).

period. Accordingly, because petitioner filed his habeas petition after the limitations period expired, this Court should dismiss it as untimely.

12.   Petitioner does not assert that any of the circumstances listed in § 2244(d)(1)(B)-(D) start the one-year limitation period at a later date. Petitioner does not claim, for instance, that an impediment to filing an application created by State action in violation of the Constitution or laws of the United States prevented him from filing. § 2244(d)(1)(B); *See Moore v. Battaglia*, 476 F.3d 504, 506 (2007); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (plain language of [§ 2244(d)(1)(B)] makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition). Nor does petitioner claim that any of the issues he presents involve a constitutional right newly recognized by the Supreme Court, and made retroactively to cases on collateral review. § 2244(d)(1)(C). *See Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005). And finally, petitioner does not invoke § 2244(d)(1)(D). *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (under subsection (D), time begins when prisoner knows, or through diligence could discover the factual predicate of the claim, not when prisoner recognizes legal significance). Therefore, §§ 2244(d)(1)(B)-(D) do not provide the applicable starting date for the limitations period.

13.   Nor does petitioner argue that equitable tolling should excuse his untimely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling generally permissible only if petitioner demonstrates that (1) he has been

pursuing his right diligently; and (2) some "extraordinary circumstance" prevented timely filing); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (citing *Pace*).  Petitioner cannot meet these criteria.  Following the end of his direct appeal, petitioner allowed 90 days to lapse from the one-year limitations period, and, after the conclusion of state postconviction review, he waited for almost a year to file the instant federal habeas petition.  This delay does not bespeak diligence and attention to the limitations period, and petitioner cites no "extraordinary circumstances" that prevented him from complying with AEDPA's limitations period.  *See Wilson*, 302 F.3d at 749 (equitable tolling depends upon showing of extraordinary circumstances).  At most, petitioner's late filing can be attributed to a mistake of law or a lack of legal expertise, neither of which are adequate for triggering equitable tolling principles on federal habeas review.  *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Williams v. Sims*, 390 F.3d 958, 963-94  (7th Cir. 2004).

      14.    Accordingly, petitioner's habeas petition was filed after the expiration of the one-year limitations period and should be dismissed with prejudice on that basis.

## **CONCLUSION**

This Court should dismiss the instant petition for writ of habeas corpus with prejudice as time-barred. If the Court finds that the petition is timely, respondent requests 30 days from the entry of the Court's order denying this motion to address the merits and/or any procedural defenses to the petition.

June 6, 2008                                        Respectfully submitted,

                                                    LISA MADIGAN
                                                    Attorney General of Illinois

                        By:    s/Russell K. Benton_____
                               RUSSELL K. BENTON, Bar # 6203142
                               100 West Randolph Street, 12th Floor
                               Chicago, Illinois 60601-3218
                               PHONE: (312) 814-2113
                               FAX: (312) 814-5166
                               E-MAIL: Rbenton@atg.state.il.us

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 6, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on this same date, I mailed the same document by United States Postal Service to the following non-registered participant:

Kendale McCoy, No. K59039
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, IL 60434


                       By:    s/Russell K. Benton_____
                               RUSSELL K. BENTON, Bar # 6203142
                               100 West Randolph Street, 12th Floor
                               Chicago, Illinois 60601-3218
                               PHONE: (312) 814-2113
                               FAX: (312) 814-5166
                               E-MAIL: Rbenton@atg.state.il.us