# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **ex rel. KENDALE MCCOY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **08 C 1453** |
| **v.** | ) | |
| | ) | **Wayne R. Andersen,** |
| **TERRY MCCANN, Warden,** | ) | **District Judge** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on respondent Terry McCann's motion to dismiss [11] petitioner Kendale McCoy's petition for writ of habeas corpus as time-barred. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On December 10, 2001, a jury found petitioner Kendale McCoy guilty of one count of first degree murder and two counts of armed robbery in the Circuit Court of Cook County, Illinois. Petitioner was sentenced to concurrent prison terms of 40 years for first degree murder and 15 years for the armed robberies. *People v. McCoy*, No. 1-02-0033 (Ill. App. Ct. Apr. 16, 2003). Petitioner appealed his conviction, contending that the circuit court abused its discretion in imposing a 40-year sentence for first-degree murder because the "evidence demonstrated a lower level of culpability," and that the court did not adequately consider petitioner's rehabilitative potential. *Id*. On April 16, 2003, the Illinois Appellate Court affirmed the judgment of the circuit court. *Id.* Petitioner filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on January 28, 2004. *People v. McCoy*, 807 N.E.2d 979, 979 (Ill. 2004).

On July 28, 2004, petitioner filed a *pro se* post-conviction petition for relief in the Circuit Court of Cook County under the Illinois Post-Conviction Hearing Act. 725 Ill. 5/122-1 (2008). Petitioner alleged prosecutorial misconduct, ineffective assistance of trial counsel before and during trial, and denial of his right to testify. *People v. McCoy*, No. 1-04-3320 (Ill. App. Ct. Sept. 26, 2006). The circuit court dismissed the petition as "frivolous and patently without merit." *Id*. Petitioner appealed, and a State Appellate Defender was appointed to represent him. After concluding that an appeal in this case would be frivolous, petitioner's counsel filed a motion requesting leave to withdraw. *Id.* On September 26, 2006, the Appellate Court granted counsel's motion requesting leave to withdraw and affirmed the Circuit Court's dismissal of petitioner's post-conviction petition. *Id.* Petitioner filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on January 24, 2007. *People v. McCoy*, 862 N.E.2d 237, 237 (Ill. 2007).

On March 11, 2008, petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, claiming the Illinois Appellate Court erred in granting the State Appellate Defender's motion to withdraw as counsel on post-conviction appeal. On June 6, 2008, respondant filed a motion to dismiss the habeas petition as time barred. Petitioner did not respond to the motion to dismiss.  Instead, on August 28, 2008, petitioner filed a motion to withdraw his habeas petition with leave to reinstate which this court granted.  On March 31, 2009, petitioner filed a motion to reinstate his petition for a writ of habeas corpus. The court granted petitioner's motion, and petitioner filed an amended petition for writ of habeas corpus. The court also reinstated respondant's motion to dismiss the habeas petition as time-barred. Petitioner was given until June 300, 2009 to file his response to the motion to dismiss. No response has been filed.

Petitioner currently is in the Stateville Correctional Center in Joliet, Illinois. Respondent Terry McCann is Warden of the Stateville Correctional Center in Joliet.

**DISCUSSION**

There is a one-year statutory limitation placed on the filing of habeas corpus petitions by persons in custody pursuant to judgment of a state court. 28 U.S.C. §2244(d) (2008). The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* However, any period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment…. is pending" does not count toward the limitation period. *Id.*

In this case, the one-year statutory limitation period began to run after petitioner's time for seeking direct review expired on April 28, 2004, ninety days after his petition for leave to appeal was denied by the Illinois Supreme Court. Petitioner filed his post-conviction petition ninety days later, on July 28, 2004, which tolled the statutory limitation period under §2544(d)(2). The limitation period began to run again after the Illinois Supreme Court denied petitioner's post-conviction petition for leave to appeal on January 24, 2007. The limitation period expired 275 days later, on October 27, 2007. Since that day was a Saturday, petitioner had until Monday, October 29, 2007 to file his habeas petition. Fed. R. Civ. P. 6(a).

Petitioner filed his initial habeas petition until March 11, 2008 and then filed his amended petition on March 31, 2009.  Even taking the first filing date, petitioner filed his habeas petition 132 days after the one-year statutory limitation period had elapsed. Petitioner does not raise anything new in his amended petition that would change the court's analysis of the

3

application of the statute of limitations. As such, petitioner's amended petition for writ of habeas corpus is time-barred under 28 U.S.C. §2544(d).

## CONCLUSION

Respondent Terry McCann's motion to dismiss [11] is granted. The court dismisses the amended petition for writ of habeas corpus as time-barred. This is a final and appealable order.

Wayne R. Andersen
District Judge

Date: July 23, 2009